## HEIST In Re

Juvenile Court, Hamilton Co.

Decided June 28, 1938.

## OPINION

By HOFFMAN, J.

On the 1st day of June, 1938, a petition was filed in the Juvenile Court charging Lindberg Heist, a boy 15 years of age, with delinquency. The petition states that Lindberg Heist on or about the 29th day of May, 1938, killed Shirley Ann Woodburn, a girl six years of age.

Subsequent to the filing of the petition the court had intensive and exhaustive sociological, medical, psychological and psychiatric examinations made of the boy, so that as much as possible might be known about his environment and his physical, emotional and mental condition.

Furthermore, in compliance with Section 1639-32 of the Juvenile Court Code of Ohio the court ordered a mental and physical examination of the boy to be made by the State Bureau of Juvenile Research at Columbus.

On the basis of the reports and investigations submitted the court finds that under the existing state of the laws of Ohio it cannot make such disposition of this particular case as in the opinion of the court will render justice both on behalf of the boy and the public at large.

The Juvenile Court is wholly beneficent in its purpose. Its objective is to redeem and save erring children and youth. It is held by both the Federal and State Courts that "the Juvenile Court Act is not for the trial of a child charged with crime but is mercifully to save it from such an ordeal with the prison or penitentiary in its wake if the child's own good and best interests of the state justify such salvation." Judge Sater, commenting on the Ohio Juvenile Court Act, declares that "the welfare of society requires and justifies such enactments."

The Juvenile Court Code of Ohio provides that:

"In any case involving a delinquent child under the provisions of this chapter who has committed an act which would be a felony if committed by an adult, the judge, after full investigation and after a mental and physical examination of such child has been made by the Bureau of Juvenile Research, or by some other public or private agency, or by a person or persons, qualified to make such examination, may order that such child enter into a recognizance with good and sufficient surety subject to the approval of the judge, for his appearance before the Common Pleas Court at the next term thereof, for such disposition as the Common Pleas Court is authorized to make for like act committed by an adult."

The Juvenile Court of Hamilton county has consistently held that in no case, however serious, is the Juvenile Court justified in transferring a case to the criminal courts unless the "child's own good and best interests of the state" cannot be attained by the Juvenile Court's retaining jurisdiction.

In the present case the court has no power of segregation, if segregation be found necessary, other than committing the boy to the State Industrial School for Boys at Lancaster. At the time of commitment the Juvenile Court loses jurisdiction. While the delinquent might be held at the Industrial School until he is 21 years of age, it is quite probable that he would be released in less than one year and returned to society, without any but the most superficial supervision.

No child under the age of 16 years can be committed to the Ohio State Reformatory at Mansfield by the Juvenile Court.

There is no institution in the state of Ohio that will receive on commitment, temporary or permanent, a delinquent afflicted with a conduct disorder such as that set forth and described by the investigators and psychiatrists in this case. If

such institution, or institutions, were available the Juvenile Court would be enabled to handle such cases expeditiously and effectively and thus assure protection to society and the state, while not sacrificing in the process any legal rights of the delinquents.

The court feels that it may be pardoned if it calls the attention of the public to the fact that many children afflicted with dangerous behavior trends could be wisely and sanely disposed of if the Juvenile Court had the power under proper safeguards to commit· for an indefinite period socially and mentally defective children to hospitals and institutions designed for the treatment of such cases.

In the case·now under consideration for final disposition the Juvenile Court yields to the Criminal Court only on the basis that the Juvenile Court cannot with the present facilities at its command render justice either on behalf of the boy or the community at large.

When the conception of punishment and retribution is discarded and the state through its institutions and agencies, especially the Juvenile Court, is given power to consider children with more or less serious behavior traits objectively and administer the treatment warranted by modern science and medicine then and then only will society and the rights of children be conserved.

Finally, in this connection, may we add that the Juvenile Court will then be enabled to function on the lines set forth in outstanding court decisions.

The Juvenile Court transfers the case of Lindberg `Heist to the Criminal Court and in doing so tenders its services and aid in any way that will serve in making a wise and humane disposition of the case.